UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL HELFMAN,

        Plaintiff(s),        CASE NUMBER: 06-13528
                                        HONORABLE VICTORIA A. ROBERTS

v.

**GE GROUP LIFE ASSURANCE COMPANY,**
**et al.,**
        Defendant(s).
_____/

ORDER DENYING PLAINTIFF'S
MOTION TO REMAND

        This matter is before the Court on Plaintiff Joel Helfman's Motion to Remand. Defendants are disability insurers: Sun Life Assurance Company of Canada ("SunLife Canada"), GE Group Life Assurance Company ("GE Group Life"), and Genworth Life and Health Insurance Company ("Genworth"). Plaintiff sued Defendants to recover disability benefits allegedly owed under two disability policies.

        Plaintiff attempted to serve process upon SunLife Canada through its resident agent by certified mail. Based on Plaintiff's review of state records, he presumed the resident agent was Wendy Siegel of the Dykema Gossett law firm. On June 30, 2006, "GLES, Inc." accepted delivery of the complaint at Ms. Siegel's listed address in Lansing, Michigan. GLES' affiliation with Ms. Siegel is not clear, but SunLife Canada acknowledges receipt of the Complaint on July 6, 2006. GE Group Life was served on July 19, 2006. Genworth was served on July 20, 2006.

        On August 7, 2006, SunLife Canada filed a Notice of Removal, with the consent

of GE Group Life and Genworth. Because the Notice of Removal was filed more than 30 days after the complaint was accepted by GLES, Inc. on June 30, 2006, Plaintiff asserts that it is untimely and, therefore, remand is required.

A civil case brought in state court may be removed by a defendant to federal district court if the case could have been brought in federal court originally. 28 U.S.C. §1441(a). However, a defendant must remove the action within 30 days of receiving the complaint, by service or another means:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. §1446(b). The burden is on the removing defendant to establish its right to do so. *Her Majesty the Queen in Right of the Province of Ontario v City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). "The removal petition is to be strictly construed, with all doubts resolved against removal." *Id*.

Defendants initially opposed Plaintiff's motion on two grounds: 1) Plaintiff's service was ineffective because delivery was not restricted to the addressee (Wendy Siegel) in accordance with M.C.R. §2.105(A)(2), and 2) even if the Notice of Removal was untimely as to SunLife Canada, it was filed within thirty days of service upon GE Group Life and Genworth, which had the right to remove notwithstanding any defects in SunLife Canada's attempt do so. SunLife Canada, however, filed a supplemental brief opposing Plaintiff's motion on the ground that he actually attempted service upon the wrong company.

2

SunLife Canada is a wholly-owned direct subsidiary of Sun Life Financial Services of Canada, Inc.  Sun Life Assurance Company of Canada (US)("SunLife US") is a wholly-owned indirect subsidiary of SunLife Canada.  SunLife Canada and SunLife US are separate companies which sell different types of insurance products.  They are registered separately with the National Association of Insurance Commissioners and the State of Michigan, and they list different registered agents.  Wendy Siegel is the registered agent for SunLife US.  SunLife Canada's registered agent is Ellen King; her address is in Wellesley Hills, Massachusetts.  Therefore, SunLife Canada argues that the date the complaint was accepted at Wendy Siegel's address is irrelevant to the determination of whether removal was timely.  Defendant is correct.

Plaintiff did not effect proper service upon SunLife Canada.  Under FRCP 4(e)(1) and (h)(1), service may be made on corporations "pursuant to the law of the state in which the district court is located."  Michigan Court Rule 2.105(D)(1) allows for service on a resident agent.  However, Plaintiff erroneously attempted service on SunLife US' resident agent, rather than the resident agent for SunLife Canada.  And, Plaintiff does not dispute that SunLife Canada is the proper Defendant and that SunLife US is a separate entity.

Plaintiff, nevertheless, argues that his confusion was reasonable and excusable since the company names are substantially similar (creating confusion in the state listings) and SunLife Canada does not have a local resident agent as required by state law.  In fact, Plaintiff argues that SunLife Canada's failure to list a local resident agent created the appearance that Wendy Siegel was the appropriate agent to accept service.  Therefore, Plaintiff contends that Wendy Siegel should be deemed SunLife Canada's

3

"apparent agent," and that SunLife Canada should be estopped from asserting that service on Wendy Siegel was technically deficient.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distributing, Inc. v Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Therefore, the requirement of proper service of process is not a mere technicality. *See Friedman v Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). And, even assuming that Plaintiff's confusion was reasonable, Plaintiff cites no authority indicating that "reasonable confusion" excuses improper service of process, or that alternate service on an independent subsidiary of a corporation is sufficient under an "apparent agency" theory.

Plaintiff also failed to cite any authority which indicates that a corporation's failure to list a local resident agent allows for alternate service on the local resident agent for a corporation's subsidiary. In fact, when a corporation fails to list a resident agent, Michigan Court Rules state that a plaintiff may effect service by "sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporation and Securities Bureau." M.C.R. §2.105(D)(4)(a).

Since Plaintiff's service of the complaint at Wendy Siegel's address was insufficient to effect proper service on SunLife Canada, the 30-day removal clock was not triggered by the date service was made at that address.[1] Instead, the clock for

---

[1] Despite the lack of proper service, SunLife Canada submitted to the Court's jurisdiction by filing a responsive pleading (SunLife Canada's Answer and Affirmative Defenses) and failing to raise the issue of improper service in that pleading. *See* FRCP 12(h)(1); *Reynolds International Amateur Athletic Federation*, 23 F.3d 1110, 2212 (6th

4

removal by SunLife Canada began to run at the earliest on the date it acknowledges receipt of the complaint--July 6, 2006:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading . . . .

28 U.S.C. §1446(b)(emphasis added).  *See also Murphy Brothers, Inc. v Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).  Plaintiff speculates that SunLife Canada must have received the complaint long before July 6, 2006.  However, SunLife Canada's assertion to the contrary is supported by an unrefuted affidavit.  *See* SunLife Canada's Resp., Exh. B.  Consequently, SunLife Canada's Notice of Removal was timely filed on August 7, 2006.[2]  Plaintiff's Motion to Remand is **DENIED**.

    **IT IS SO ORDERED.**

                                                       s/Victoria A. Roberts
                                                       Victoria A. Roberts
                                                       United States District Judge

Dated:  October 3, 2006

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 3, 2006.
>
> s/Linda Vertriest
> Deputy Clerk

---

Cir. 1994).

    [2]SunLife Canada's time for filing extended to August 7th because August 6th fell on a Sunday.  *See* FRCP 6.