UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL HELFMAN,

    Plaintiff,

vs                                                        Case No: 06-13528
                                                         Honorable Victoria A. Roberts

GE GROUP LIFE ASSURANCE
COMPANY, ET AL,

    Defendants.
_____/

## ORDER

### I.     BACKGROUND AND PROCEDURAL HISTORY

Joel Helfman worked at two family-owned companies: Atlas Filmore Lumber Company and Fairway Construction Company.

In June 2002, Genworth issued a Group Long-Term Disability Insurance Policy for Fairway. The policy covered Helfman.

In June 2003, Sun Life issued a Group Long-Term Disability Insurance Policy for Filmore. This policy covered Helfman as well.

On December 26, 2003, Helfman suffered a heart attack. Three days later, he underwent quadruple bypass surgery. He filed disability insurance claims with both Genworth and Sun Life. Both Genworth and Sun Life paid Short Term Disability benefits, and then Long Term Disability benefits.

In January 2005, Sun Life learned Helfman received benefits from Genworth through the Fairway policy. Sun Life contacted Genworth, and after an investigation,

1

Genworth stopped making payments to Helfman. Helfman's benefits from Sun Life ceased as well.

Helfman sued Genworth and Sun Life.

On March 14, 2008, Genworth filed a Motion for Entry of Judgment. Genworth sought reimbursement of all its benefits and dismissal of Helfman's claim. The Court held ERISA governs, Genworth's termination of benefits was not arbitrary and capricious, and Helfman must pay Genworth $107,133.33 (less Helfman's premiums).

Helfman appealed the Court's holding that ERISA governs; the Sixth Circuit affirmed.

Before the Court is Genworth's Amended Motion for Attorney's Fees from Plaintiff. (Doc. #74). Genworth asks the Court to award it $23,018.50 in appellate attorney's fees.

Genworth's motion is **DENIED**.

## II.    APPLICABLE LAW AND ANALYSIS

Under 29 U.S.C. §1132(g)(1): "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

In deciding whether to award attorney's fees in an ERISA case, the Court considers:

(1)    the degree of the opposing party's culpability or bad faith;

(2)    the opposing party's ability to satisfy an award of attorney's fees;

(3)    the deterrent effect of an award on other persons under similar circumstances;

(4)    whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal

questions regarding ERISA; and

(5)     the relative merits of the parties' positions.

*Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985) (citations omitted). "No single factor is determinative, and thus, the district court must consider each factor before exercising its discretion."  *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006) (citing *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998)).

### A.     Did Helfman Act in Bad Faith?

Genworth says Helfman acted in bad faith when he: (1) falsely represented to Genworth that he was not receiving disability benefits from another insurance company; (2) filed a lawsuit in state court that concealed the ERISA nature of his claims; (3) moved for remand on meritless grounds; (4) engaged this Court and Defendants in needless discovery and motion practice; and (5) ignored this Court's rejection of his ill-founded theory and appealed to the Sixth Circuit (which also rejected Helfman's theory as meritless).

While one may question whether Helfman falsely represented to Genworth that he was not receiving disability benefits from Sun Life, the Court finds Helfman's conduct does not equate to a finding of bad faith, based on the record as a whole.

For example, Helfman filed a lawsuit in state court because he did not believe ERISA applied to his claim.  In addition, Helfman's motion for remand was based on a valid argument: Sun Life's Notice of Removal was untimely.  Finally, Helfman had the right to appeal to the Sixth Circuit.  Neither this Court nor the Sixth Circuit described Helfman's claims as "meritless."

This factor weighs in favor of Helfman.

3

### B. Helfman's Ability to Satisfy an Award of Attorney's Fees

Genworth says Helfman can satisfy an award of attorney's fees because he received hundreds of thousands of dollars per year in compensation from various businesses.

Helfman says he has not received any employment income in over 5 ½ years, his private disability benefits ended in April 2005, and his only income is Social Security disability payments. According to Helfman, he had to borrow money from family members and cash-in an insurance policy for money to live on.

Because the Court is unable to determine which party is correct, this factor weighs in favor of neither party.

### C. The Deterrent Effect of an Award on Other Persons Under Similar Circumstances

This factor weighs slightly in favor of Helfman. While this Court and the Sixth Circuit ruled in favor of Genworth, awarding Genworth attorney's fees may deter other plaintiffs from seeking redress under ERISA.

### D. Did Genworth Seek to Confer a Common Benefit on all Participants and Beneficiaries of an ERISA plan or Resolve Significant Legal Questions Regarding ERISA?

Genworth did not seek to confer a common benefit on all participants and beneficiaries, nor did it seek to resolve significant legal questions regarding ERISA; it simply defended a lawsuit.

This factor weighs in favor of Helfman.

### E. The Relative Merits of the Parties' Positions

This factor weighs in favor of Genworth; it prevailed in this Court and in the Sixth Circuit.

### III. CONCLUSION

Genworth's motion attorney's fees is **DENIED**; the *King* factors favor Helfman.

**IT IS ORDERED.**

s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: December 4, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 4, 2009.

s/Linda Vertriest  
Deputy Clerk

---