UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL HELFMAN,

        Plaintiff(s),        CASE NUMBER: 06-13528
                                    HONORABLE VICTORIA A. ROBERTS

v.

GE GROUP LIFE ASSURANCE COMPANY,
GENWORTH LIFE AND HEALTH INSURANCE COMPANY,
SUN LIFE ASSURANCE COMPANY OF CANADA,

        Defendant(s).
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR PROTECTIVE ORDER

        On August 8, 2008, this Court entered Judgment in Genworth's favor. Because Plaintiff Joel Helfman did not appeal the Judgment, it became final and binding.

        On August 14, 2009, Genworth sent Helfman a Notice of Creditor's Examination.

        Before the Court is Helfman's Motion for Protective Order. (Doc. #80). His argument is that a creditor's examination is not warranted based on language in the Court's August 8, 2008 Order – "Genworth does not seek to impose personal liability on Helfman, but rather seeks to restore to itself the particular funds – overpaid benefits – *currently in Helfman's possession*" (emphasis added). However, the Court finds this argument to be unavailing.

        In addition, Helfman's assertion – that Genworth can only seek information as to an "existing fund comprised of dollars received form[sic] Genworth in the form of disability payments" – misapprehends the law.

1

In *Gilchrest v. Unum Life Ins. Co. of Am.*, 2007 WL 3037239 (6th Cir. Oct. 17, 2007), plaintiff appealed the district court's order that he needed to pay overpayments back to defendant, because he received Social Security disability benefits at the same time defendant paid him long-term disability benefits. *Gilchrest*, 2007 WL 3037239 at **1. The Sixth Circuit held that defendant could recover overpayments, if the reimbursement provisions of its plan "specifically identify a particular fund – distinct from the defendant's general assets – and a particular share of that fund to which the plan was entitled." *Id.* at **7 (citing *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 364-65 (2006)).

The Sixth Circuit went on to hold that the defendant in *Gilchrest* provided for the reduction of its disability payments by "the amount the employee receives or is entitled to receive in Social Security disability benefits." *Id.* at **8. Since defendant asserted a right to recover overpayments, and plaintiff agreed to reimburse, the Sixth Circuit concluded that all overpayments that could be attributed to the receipt of Social Security benefits were a "particular fund," distinct from plaintiff's general assets. *Id.*

The Sixth Circuit concluded as well that the fact that plaintiff's overpayments are dissipated is irrelevant; strict tracing of funds is not required. *Id.* at **7 (citing *Popowski v. Parrott*, 461 F.3d 1367, 1374 n.8 (11th Cir. 2006)).

Helfman's case is no different from *Gilchrest*. Helfman agreed that his disability payments could be reduced by "Other Income," defined to include "any other group insurance plan." Helfman's Reimbursement Agreement identifies a right to recover overpayments from a particular fund (income received from another group insurance plan), and it identifies a share of that fund to which Genworth is entitled (all benefits that

may have been overpaid). Helfman's argument that he no longer has the overpaid benefits in his possession is unavailing. *See Gilchrest*, 2007 WL 3037239 at **7. And, this Court has already decided Judgment in Genworth's favor; it is entitled to repayment of $107,133.33 (less Helfman's premiums).

Helfman's motion is **DENIED**.

The purpose of the creditor's examination is to determine Helfman's financial status, and the scope of his collectible assets. Genworth is entitled to conduct a creditor's examination in an effort to collect on its judgment. Helfman must submit to a creditor's examination within 14 days of this Order.

**IT IS ORDERED**.

s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: January 6, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 6, 2010.
>
> s/Linda Vertriest  
> Deputy Clerk

3