**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOEL HELFMAN,

       **Plaintiff,**              **CIVIL ACTION NO. 06-CV-13528**

vs.

                                     **DISTRICT JUDGE VICTORIA A. ROBERTS**

**GE GROUP LIFE ASSURANCE**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**COMPANY, et al.**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Plaintiff's Objection To GE Group Life Assurance Company's Request And Writ For Garnishment (docket no. 91) should be **GRANTED**.

**II.**    **REPORT:**

    *A.*    *Facts and Procedural History*

Plaintiff filed an Objection To GE Group Life Assurance Company's ("GE Group") Request And Writ For Garnishment on December 23, 2010 in response to a Writ of Garnishment entered by this Court. (Docket no. 91). The writ was directed to Sun Life Assurance Company of Canada ("Sun Life"). (Docket no. 93).

Sun Life was also a Defendant and Counter-Plaintiff in the underlying case, which arose out of two long-term disability insurance policies which Plaintiff held through Genworth Life and Health Insurance Company (fka GE Group) and Sun Life. After Plaintiff suffered a heart attack in December 2003 he collected short-term disability benefits, and later long-term disability benefits, from both insurers. When Sun Life learned that Plaintiff received benefits from Genworth, they

investigated and each insurance company stopped making payments and requested reimbursement from Plaintiff. Plaintiff brought the underlying action and Defendants brought counter-claims.

On August 8, 2008 the District Court ruled on the Defendants' Motions for Judgment finding that the Employee Retirement Income Security Act (ERISA) applied to the disability plans and upholding Defendants' termination of benefits. (Docket no. 56). The District Court concluded that Plaintiff would recover nothing against either defendant and entered judgment for Defendant GE Group against Plaintiff Joel Helfman in the amount of $107,133.33 (less an amount corresponding to Plaintiff's premiums). Defendant Sun Life's motion was granted in part yet Sun Life was awarded nothing due to the provisions of its plan.

On appeal the Sixth Circuit upheld the finding that the plans are subject to ERISA and reversed to the extent the Court upheld the denial of benefits by Sun Life and remanded the case for Sun Life's plan administrator to perform a full and fair review. On December 15, 2010 Sun Life issued a decision finding that Plaintiff was entitled to disability benefits for a six month period which totaled $27,559.74. It is this money that GE Group/Genworth seeks to garnish, identified as "Long term disability benefits plus interest in the amount of $27,559.74." *See* Garnishee Disclosure dated January 3, 2011 (docket no. 93).

The Request and Writ of Garnishment was served on December 20, 2010. Plaintiff filed an Objection to the Request and Writ for Garnishment on December 23, 2010. Defendant filed a Response Opposing Helfman's Objection on January 3, 2011. (Docket no. 96). Plaintiff filed a Supplemental Objection to the writ for garnishment on January 18, 2011, which the Court accepted for filing and ordered Defendant to respond. (Docket nos. 98). Defendant filed its Brief In Response Opposing Helfman's Supplemental Objection on March 4, 2011. (Docket no. 104).

Plaintiff's Objection was referred to the undersigned for decision.[1]  (Docket no. 92).  The Court heard oral argument on this matter on March 7, 2011. The matter is now ready for ruling.

*B.    Standard of Law*

Rule 64, Fed. R. Civ. P., provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.  But a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(a). Rule 69(a)(1), Fed. R. Civ. P., for execution of a money judgment enforced by writ is consistent with this.

*C.    Analysis*

Plaintiff's initial objection to the garnishment was that "the matter has not been resolved in its entirety and payment of the funds would be premature" because Plaintiff does not agree with the amount determined by Sun Life.  This argument is without merit and Plaintiff has provided no legal authority for the argument.  The underlying judgment on which the garnishment is sought is a final determination in the case that was before this Court.

Plaintiff argues that Michigan law, Mich. Comp. Law §600.6023(f), for the enforcement of judgments provides that the following is exempt from levy or sale under execution:

> (f) Any money or other benefits paid, provided, or allowed to be paid, provided or allowed, by any stock or mutual life or health or casualty insurance company, on account of disability due to injury or sickness of any insured person, whether the debt or liability of such insured person or beneficiary was incurred before or after the accrual of benefits under the insurance policy of contract, except that the exemption does not apply to actions to recover for necessities contracted for after the accrual of the benefits." Mich. Comp. Law § 600.6023(f).

---

[1] Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  *United States v. Tyson*, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003).

Mich. Comp. Law § 600.4031 provides that the provisions relating to exemptions from execution apply to claims for attachment and garnishment. There is no argument that the Sun Life money which is sought is not a disability benefit based on Plaintiff's claim due to his sickness.

Defendant GE Group argues that because the Court found that ERISA applies and Mich. Comp. Law § 600.6023(f) does not explicitly say that it applies to disability benefits that arise under employee benefit plans, it therefore applies only to policies purchased by individuals, not employees. Not until the hearing did Defendant cite law to support this reading of Mich. Comp. Law § 600.6023(f). The Court does not find that the Michigan laws at issue, which provide for enforcement of judgments, attachment and garnishment, regulate insurance, banking or securities as contemplated by those provisions cited by Defendant, including 29 U.S.C. § 1144(b)(2)(A) or (b)(2)(B).

Defendant's second argument is that ERISA preempts state law on this issue. The cases cited by Defendant are not on point. *See Gonzales v. Prudential Ins. Co. Of America*, 901 F.2d 446 (5th Cir. 1990) (Former employee bringing action against disability insurer, court held that state law claims against the plan were preempted by ERISA); *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006) (The fiduciary sued for reimbursement of medical expenses paid by the ERISA plan, which the beneficiary had recovered for its injuries from a third party)[2].

*Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825 (1988) is instructive on this issue. In *Mackey*, the Court considered a Georgia state garnishment statute that singled out ERISA benefit plans for special treatment. In the Georgia law at issue, "ERISA welfare benefit

---

[2] Defendant also cited *Gilchrest v. Unum Life Insurance Company of America*, but the cases which appear at the citations given by Defendant are not the *Gilchrest* case and are otherwise not on point. (Docket no. 104 p. 4 of 6).

-4-

plans are protected from garnishment under Georgia law, but non-ERISA plans are not so protected. " *Id*. at 830 n.4. The Court distinguished the Georgia statute from generally-applicable garnishment statutes that do not single out ERISA benefit plans and apply equally to both ERISA and non-ERISA benefit plans. The Court noted that, unlike the Georgia statute, such generally-applicable statutes do not "'relate to' an ERISA plan" and are not pre-empted by ERISA. *See id*. at 830 n. 4.

The Court noted that "ERISA itself offers no express answer as to whether welfare benefit plan trustees must comply with garnishment orders like those respondent is seeking to enforce" and explained that "certain ERISA provisions, and several aspects of the statute's structure indicate that Congress did not intend to forbid the use of state-law mechanisms of executing judgments against ERISA welfare benefit plans, even when those mechanisms prevent plan participants from receiving their benefits." *Id*. at 831-32. The Court held that "Congress did not intend to preclude state-law attachment of ERISA welfare plan benefits." *Id*. at 838 (footnote omitted); *see also In re Johnson*, 439 B.R. 416 (Bkrtcy. E.D. Mich. 2010) (citing *Mackey*, 486 U.S. at 836-37 (1988) (state law that refers to, or that treats differently, ERISA covered employee benefit plans or benefits, is preempted by ERISA; generally-applicable state law that does not do so is not preempted by ERISA)); *NGS American, Inc. v. Barnes*, 805 F. Supp. 462 (W.D. Tex. 1992) ("The Court has recognized some exceptions to ERISA's broad preemption of state law. . . . ERISA does not preempt a general garnishment statute because such a general law might pose merely an administrative burden on an ERISA plan." Citations omitted.); *Guidry v. Sheet Metal Workers National Pension Fund*, 39 F.3d 1078, 1086 (10th Cir. 1994) (A Colorado garnishment statute making a general reference to pension benefits is a general application law "therefore of the type that has consistently been described as outside the reach of ERISA's preemption provision.").

Here, the state law in question does not identify ERISA plans for special treatment and no party has shown that ERISA speaks to the garnishment issue. The Court finds that the Michigan law has no impact on ERISA plans. The Court should find that the benefit owed by Sun Life is not subject to garnishment pursuant to state law.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 15, 2011　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

　　　I hereby certify that a copy of this Report and Recommendation was served upon Counsel of record on this date.

Dated: March 14, 2011　　　　　　　　s/ Lisa C. Bartlett
　　　　　　　　　　　　　　　　　　Case Manager