UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOEL HELFMAN**

                **Plaintiff,**         **CASE NUMBER: 06-13528**
                                                **HONORABLE VICTORIA A. ROBERTS**

**v.**

**GE GROUP LIFE ASSURANCE COMPANY,**
a foreign corporation, **GENWORTH LIFE AND**
**HEALTH INSURANCE COMPANY**, a foreign
corporation, **AND SUN LIFE ASSURANCE**
**COMPANY OF CANADA**, a foreign corporation,

                **Defendants.**
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

     This matter is before the Court on Genworth Life and Health Insurance Company's (f/k/a GE Group Life Assurance Company) ("Genworth") Request and Writ for Garnishment.  (Doc. # 90).  Genworth wants to garnish a recent award of long-term disability benefits to Plaintiff, Joel Helfman, by Sun Life Assurance Company of Canada ("Sun Life") in the amount of $27,559.74.  Genworth wants to do this to partially satisfy a $107,133.33 judgment entered by this Court against Helfman in favor of Genworth.  The Court held that Genworth was entitled to reimbursement of benefits it paid to Helfman while Helfman also received benefits from Sun Life.  (Doc. # 56).  Under Genworth's ERISA-governed insurance plan, Helfman was required to reimburse the company for "other income" he received during this time in the form of "any other group insurance plan."

     Plaintiff objects to Genworth's writ.

1

The matter was referred to Magistrate Judge Mona K. Majzoub for a Report and Recommendation ("R& R").  Magistrate Judge Majzoub recommends that the Court **GRANT** Helfman's objection and **DENY** the writ.  (Doc. # 105).  The Court **ADOPTS** the magistrate's R&R.

Review of a magistrate judge's recommendation on a dispositive motion is de novo. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72 (b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72 (b)(3).

In ruling, the magistrate relied on Michigan state law; it exempts from levy, execution, attachment and garnishment: any money or other benefits paid for a disability due to injury or sickness. MCL 600.6023(1)(f), 600.4031. There is no question that the $27,559.74 paid to Helfman falls into this category of payment. The magistrate also said that under the authority of *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825 (1988)  ERISA does not preempt this Michigan state law because Michigan's anti-garnishment law speaks only of money and benefits, and does not relate to any employee benefit "plan"; only a state law related to an "employee benefit plan" would be preempted by ERISA:

> "except as provided in subsection (b) of this section, the provisions of this subchapter...  supercede...state laws insofar as they relate to any employee benefit plan..." 29 USC §1144(a).

Genworth's objections to the magistrate's recommendation are based on its view that the magistrate erroneously found that ERISA does not preempt this state law.

ERISA's preemption powers are broad. Nonetheless, there are limits. One of

these limits was discussed by the Supreme Court in *Mackey*, where the Court construed Georgia's anti-garnishment statute as well as its general garnishment statute. In construing Georgia's anti-garnishment statute, the Court held that that statute, which singles out ERISA employee benefit plans for different treatment under state garnishment procedures, was definitely preempted by ERISA because its express reference to ERISA plans "suffices to bring it within the federal law's pre-emptive reach." *Mackey*, 486 U.S. at 830.

Unlike Georgia's anti-garnishment statute, the Michigan anti-garnishment statute does not refer to an employee benefit plan, single out an ERISA plan for different treatment, or otherwise have a connection with such a plan.

The Court went on to construe Georgia's general garnishment statute. It said that unlike the anti-garnishment statute, Georgia's general garnishment statute does not single out or specially mention ERISA plans of any kind and did not "relate to" an ERISA welfare benefit plan. Therefore it -- unlike Georgia's anti-garnishment statute -- was not preempted by ERISA.

Michigan's anti-garnishment statute is akin to Georgia's garnishment statute.

In *Ingersoll-Rand Co. v. McClendon*, the Supreme Court explained:

> "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."... Under this "broad common-sense meaning," a state law may "relate to" a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.... Pre-emption is also not precluded simply because a state law is consistent with ERISA's substantive requirements.

498 U.S. 133, 139 (1990) (citations omitted)*. See also District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 130 n. 1 (1992) ("Pre-emption does not

occur...if the state law has only a 'tenuous, remote, or peripheral' connection with covered plans...as is the case with many laws of general applicability." (citations omitted)). Moreover, the fact that application of a state statute might burden the administration of an ERISA plan does not, by itself, compel preemption. *Ingersoll-Rand*, 498 U.S. at 139.  *See*, *e.g.*, *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 39 F.3d 1078, 1084-85 (10th Cir. 1994) (holding that a Colorado garnishment exemption was not preempted by ERISA because the state statute did not affect the calculation or payment of benefits, impact the administration or any other aspect of the plan, affect the relationship among the plan entities, or refer to ERISA benefits specifically, or ERISA plans, in particular); *In re Johnson*, 439 B.R. 416, 438 (Bankr. E.D. Mich. 2010) ("Unlike the pre-empted Georgia statute in *Mackey*, the state statute at issue here...does not specifically refer to ERISA plans, or single out such plans for special treatment. Rather, under *Mackey*, it is the type of generally-applicable statute that is not pre-empted by ERISA.").

The Supreme Court's holding in *Fort Halifax Packing Co.*, *Inc. v. Coyne*, 482 U.S. 1 (1987) is additional support for the Court's conclusion. In *Fort Halifax*, the Supreme Court rejected the notion that "any state law pertaining to a type of employee benefit listed in ERISA necessarily regulates an employee benefit plan, and therefore must be pre-empted" and that "ERISA forecloses virtually all state legislation regarding employee benefits." 482 U.S. at 7. The Court observed, "ERISA's pre-emption provision does not refer to state laws relating to 'employee benefits,' but to state laws relating to 'employee benefit *plans*....'" *Id.* (emphasis in original).

The *Fort Halifax* Court emphasized the importance of the distinction between

4

laws relating to benefits and those relating to benefit plans:

> Nothing in our case law [ ] supports appellant's position that the word "plan" should in effect be read out of the statute....The words "benefit" and "plan" are used separately throughout ERISA, and nowhere in the statute are they treated as the equivalent of one another.  Given the basic difference between a "benefit" and a "plan," Congress' choice of language is significant in its preemption of only the latter.

*Id.* at 8.

Because the state law at issue in *Fort Halifax*, a Maine statute that required a one-time lump-sum payment of severance benefits, did not establish or require an employer to maintain an employee benefit plan, it was not preempted by ERISA.  *Id.* at 12.  *Compare Guidry*, 39 F.3d at 1085 ("Although the emphasized portion quoted above does refer generally to pension *benefits*, it does not refer to ERISA *plans*....Because the Colorado law here refers to benefits rather than plans, 'the language of the ERISA presents a formidable obstacle to preemption.'" (emphasis in original) (citations and brackets omitted)) *with Ingersoll-Rand*, 498 U.S. at 139-40 ("We are not dealing here with a generally applicable statute that makes no reference to, or indeed functions irrespective of, the existence of an ERISA plan.  Nor is the cost of defending this lawsuit a mere administrative burden.  Here, the existence of a pension plan is a critical factor in establishing liability under the State's wrongful discharge law.  As a result, this cause of action relates not merely to pension benefits, but to the essence of the pension *plan* itself." (emphasis in original)).  Similarly, M.C.L. § 600.6023(1)(f) refers to benefits, not plans.

Accordingly, the Court **ADOPTS** the magistrate's R&R and **DENIES** Genworth's Request and Writ for Garnishment.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 15, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 15, 2011.

s/Linda Vertriest
Deputy Clerk