UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOEL HELFMAN**

          **Plaintiff,**         CASE NUMBER: 06-13528
                                             HONORABLE VICTORIA A. ROBERTS

v.

**GE GROUP LIFE ASSURANCE COMPANY,**
a foreign corporation, **GENWORTH LIFE AND**
**HEALTH INSURANCE COMPANY,** a foreign
corporation, AND **SUN LIFE ASSURANCE**
**COMPANY OF CANADA,** a foreign corporation,

          **Defendants.**
_____/

## ORDER

      Genworth Life and Health Insurance Company's (f/k/a GE Group Life Assurance Company) ("Genworth") filed a Request for Writ of Garnishment. (Doc. # 113). The Court already denied Genworth's request to garnish long-term disability benefits owed to Plaintiff Joel Helfman by Sun Life Assurance Company of Canada. (Doc. # 111). Then, the Court held Michigan law exempted Plaintiff's disability benefits from garnishment. *See* MCL 600.6023(1)(f), 600.4031. Now, Genworth seeks to garnish an award of attorney fees to Plaintiff, from Sun Life, in the amount of $46,641.94, in partial satisfaction of a $107,133.33 judgment entered by this Court against Helfman in favor of Genworth. (*See* Doc. # 112).

      Plaintiff objects to the request. (Doc. # 114). He says Genworth is precluded from garnishing his attorney fees from Sun Life by the same provisions the Court relied

1

upon before, to exempt Plaintiff's long term disability payments from garnishment.

Plaintiff reasons, MCL 600.6023(1)(f) "goes beyond just shielding the actual benefits that are paid under a disability policy," and also covers his attorney fees because they are "owing from Sun Life [ ] 'on account of the disability' of Plaintiff." (Doc. # 114 at 3 (quoting MCL 600.6023(1)(f))). He states, "[w]ere it not for the Plaintiff's disability, the attorneys' fees which have been ordered by this Court would not have been incurred." (*Id.*).

Genworth responds that Plaintiff misreads the statute. (Doc. # 117). It argues that MCL 600.6023 shields disability benefits only, and not attorney fees from garnishment.

The Court agrees with Genworth. MCL 600.6023(1)(f) reads:

> The following property of the debtor and the debtor's dependents shall be exempt from levy and sale under any execution: ...Any money or other benefits paid, provided, or allowed to be paid, provided, or allowed, by any stock or mutual life or health or casualty insurance company, on account of the disability due to injury or sickness of any insured person, whether the debt or liability of such insured person or beneficiary was incurred before or after the accrual of benefits under the insurance policy or contract, except that the exemption does not apply to actions to recover for necessities contracted for after the accrual of benefits.

The plain language of this statutory provision, read in tandem with MCL 600.4031(1) (statutory provisions relating to exemptions from execution are applicable to garnishment claims), reveals that it is intended to exempt *disability benefits* from garnishment, nothing else. "Any money" is modified by "or other benefits," which plainly limits the applicability of the exemption to benefits, monetary or non-monetary, paid or provided on account of disability due to the injury or sickness of an insured person.

2

Plaintiff's attorney fees are not benefits; they are owed under ERISA because Plaintiff achieved partial success in his law suit against Sun Life.

The Court **OVERRULES** Plaintiff's Objection and **GRANTS** Genworth's Request for Writ of Garnishment.

**IT IS ORDERED.**

                                           /s/ Victoria A. Roberts
                                           Victoria A. Roberts
                                           United States District Judge

Dated: June 14, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 14, 2011.
>
> s/Linda Vertriest
> Deputy Clerk