UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL HELFMAN

                    Plaintiff,                        CASE NUMBER: 06-13528
                                                      HON. VICTORIA A. ROBERTS

v.

GE GROUP LIFE ASSURANCE COMPANY,
A foreign corporation, GENWORTH LIFE AND
HEALTH INSURANCE COMPANY, a foreign
Corporation, AND SUN LIFE ASSURANCE
COMPANY OF CANADA, a foreign corporation

                    Defendants.
_____/

**ORDER**

**I. INTRODUCTION**

        This matter is before the Court on Plaintiff Joel Helfman's Amended Supplemental

Motion for Additional Attorney Fees. In his motion, Helfman seeks an award of

$38,038.06. This amount includes fees previously requested but reduced by the Court as

a result of Helfman's limited success obtained, as well as 100% of the attorney's fees

incurred on appeal.

        The motion is **GRANTED IN PART AND DENIED IN PART**.

**II. BACKGROUND**

        On April 18, 2011, this Court entered an Order Granting in Part, Helfman's original

Motion for Attorney's fees and his Supplemental Motion for Attorney's fees. (Doc. #112).

        In his original motion, Helfman sought $81,046 in attorney fees, representing the

1

total amount of fees charged by his attorneys. (Doc. #68). However, in its December 23, 2009 order, the Court found that Helfman was not entitled to: (1) the fees associated with his claim that ERISA did not apply; (2) any duplicate entries; and (3) the fees associated with his claims against Genworth. (Doc. #124-3).

Helfman filed a revised affidavit seeking $60,251.25 in attorney's fees. (Doc. #87). The Court awarded him $44,799.75. The Court reduced his request by 20% because the Court "could not conclude with a high degree of certainty that the reductions made pursuant to this Court's December 23, 2009 order adequately accounted for the limited nature of Helfman's success." (Doc. # 112).

In his Supplemental Motion, Helfman requested an award of $18,443.75 for over sixty additional hours of work in connection with his administrative remand. However, after reducing his lodestar by 87.5%, the Court awarded Helfman $1,842.19. The Court found that this reduction was appropriate because Sun Life only awarded Helfman benefits for an additional six month period out of a possible forty-eight month period.

Helfman appealed. On August 16, 2011, Sun Life stated that after consideration of the supplemental information submitted on appeal, and an additional medical peer review, Helfman was entitled to disability benefits for the period of October 1, 2005 through April 3, 2009, the maximum benefit period. (Doc. # 124-2).

Based on recent success, Helfman says he is entitled to: (1) the 20% reduced in his original motion; (2) the 87.5% reduced in his supplement; and (3) the fees incurred during the administrative appeal period.

## III. LEGAL STANDARD

In an attorney's fees case, any fee award must be reasonable. *Gonter v. Hunt*

2

*Valve Co., Inc.,* 510 F.3d 610, 616 (6th Cir. 2007). A fee award is reasonable when it is adequate to attract competent counsel but avoids producing a windfall for attorneys. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

When calculating a reasonable fee, the court must first determine the fee applicant's lodestar, "the proven number of hours reasonably expended on the case by an attorney, multiplied by his court ascertained reasonable hourly rate." *Adcock-Ladd v. Secretary of Treasury,* 227 F.3d 343, 349 (6th Cir. 2000). The court may then adjust the fee upward or downward "based on relevant circumstances peculiar to the case." *Henley v. Eckerhart,* 461 U.S. 424, 434 (1983).

"One of the factors ordinarily considered when determining or adjusting the lodestar is the amount of success [the fee applicant] achieved." *Id.* at 435. Where the fee applicant has only achieved limited success, "an award based on the total number of hours reasonably expended on the litigation might result in an excessive amount." *Imwalle v. Reliance Med. Prods.,* 515 F.3d 531, 552 (6th Cir. 2008). However, "where a [fee applicant] has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley,* 461 U.S. at 435-36.

The fee applicant bears the burden to document entitlement to the award. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). Specifically, the fee applicant "should submit evidence supporting the number of hours worked and the rates claimed." *Hensley,* 461 U.S. at 433. Where documentation is insufficient to support the amount of fees requested, the district court may reduce the award. *Reed*, 179 F.3d at 472

**IV. ARGUMENT**

In this motion, Helfman says he is entitled to an additional $38,038.06 in attorney's

3

fees. Sun Life filed a Brief in Opposition arguing: (1) the Court should deny Helfman's motion because it is an untimely motion for reconsideration; (2) the Court should re-weigh the *King* factors with respect to the request for fees related to the administrative appeal period; and (3) no additional attorney's fees are warranted for the pre-remand period or the remand reconsideration period.

In the alternative, Sun Life says the Court should reduce Helfman's award to account for fees related to unsuccessful activity and excessive or non-lawyerly time. Sun Life says the maximum fee amount the Court should award Helfman is $3,140.63 for work associated with his administrative appeal.

## V. ANALYSIS

### A. Motion for reconsideration

In making its untimely motion for reconsideration argument, Sun Life relies on Local Rule 7.1 which states in part: "a motion for reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich L.R. 7.1(h)(1).

Helfman says his motion is not one for reconsideration; rather, it is a motion seeking an award of supplemental fees based on his recent maximum benefit award. Helfman also says that his motion does not suggest that the Court erred when it determined his initial fee award. (Pl. Br. p. 2).

According to Helfman, the Court's award of $46,641.94 in attorney's fees was only a portion of the amount of fees he sought and was based on his limited success at that time. Helfman argues that shortly after the Court entered its April 18, 2011 Order, Sun Life granted him disability benefits for the entire forty-eight month period. As a result, Helfman says his degree of success increased and he is entitled to an award of the previously

4

reduced fees.

The Court agrees that this is not a motion for reconsideration.

B. **Reconsideration of the King Factors**

In an ERISA action by a plan participant, the Court "in its discretion may allow a reasonable attorney's fee…to either party." 29 U.S.C. § 1132(g)(1). However, before exercising its discretion, the Court must consider the following five factors: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Sec'y of Dep't of Labor v. King,* 775 F.2d 666, 669 (6th Cir. 1985).   However, "no single factor is determinative, the court must consider each factor before exercising its discretion." *Moon v. Unum Provident Corp.,* 461 F.3d 639, 642-43 (6th Cir. 2006).

Sun Life argues that the Court should re-weigh the *King* factors as they apply to the administrative appeal period, and conclude that they weigh in favor of Sun Life. For example, Sun Life says the third factor weighs in its favor because awarding Helfman additional fees would not have a deterrent effect on other plan administrators similarly situated. (Def. Br. P. 8).

The Court finds that the *King* factors which weighed in Helfman's favor when the Court first awarded fees continue to weigh in his favor with respect to the administrative appeal period.

The Court agrees with Helfman.

5

**C. Helfman's Original Motion ("the pre-remand period")**

Helfman seeks $11,236.50 in attorney fees for the pre-remand period, the 20% previously reduced by the Court. He says the Court reduced his fee award by 20% to account for his limited success.

Sun Life says that the Court's decision to reduce his award by 20% was not based on Helfman's success level. Rather, the Court reduced Helfman's lodestar by 20% because the "block billings and vague entries included in the billing records made it impossible for the Court to determine whether adequate reductions were made." (Doc. #112).

Sun Life also says that its decision to award Helfman additional months of disability benefits has no bearings on his ability to recover attorney's fees for the pre-remand period. According to Sun Life, the Court fully awarded Helfman the fees he was entitled to for the pre-remand period.

The Court agrees that Helfman's lodestar was not reduced as a result of his limited success. The Court reduced the total fee requested by twenty percent because of vague entries included in the billing record; the Court was unable to conclude "with a high degree of certainty, that the reductions made pursuant to its December 23, 2009 Order adequately accounted for the limited nature of Helfman's success." (Doc. #112, 15).

When attorney fees are sought, the attorney seeking the fee reimbursement must provide the district court with adequate billing statements. *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 553. The Court found that Helfman's attorneys failed to satisfy this key requirement. Specifically, The Court opined that Helfman's attorneys did not produce adequate evidence that the fees requested related only to claims on which

6

Helfman prevailed. (Doc. #112, 11). Where the documentation provided is inadequate, the district court may reduce the award. *Hensley,* 461 U.S. at 433.

Accordingly, an award of additional fees is not warranted for the pre-remand period. Sun Life's decision to award Helfman disability benefits covering a forty-eight month period does not change the Court's reason for reducing his fee award by twenty percent.

### D.  **Helfman's Supplemental Motion ("the Remand Reconsideration Period")**

Helfman seeks an additional award of $12,895.31 for fees in connection with the remand reconsideration period. Again, Sun Life argues that Helfman's motion is a motion for reconsideration. However, this argument is without merit and the Court need not address it.

On remand, Sun Life granted Helfman benefits for an additional six months. While this was only a portion of the benefits he sought, Helfman ultimately did receive benefits for the entire forty-eight month period. The Court credits the attorneys' efforts during the remand reconsideration period for these excellent results, and his attorneys should recover a fully compensatory fee. *Henley,* 461 U.S. at 435.

Helfman is entitled to an additional $12,895.31 in attorney's fees for the remand reconsideration period.

### E.  **Attorney Fees incurred during the Administrative Appeal period**

Finally, Helfman seeks an award of $13,906.25 for fees incurred during the Administrative Appeal period. Sun Life says that Helfman's recovery, if any, should be reduced because the amount requested is not entirely related to successful activities and his attorneys spent an excessive amount of time reviewing medical records. (Doc. #126).

7

### 1.  Fees related to unsuccessful activities

Sun Life says the invoice Helfman's attorneys submitted included time spent on his unsuccessful motion for sanctions. Sun Life says that Helfman's invoice reflects a total of 14.75 hours of attorney time, which represent tasks associated with Helfman's unsuccessful motion, totaling $3,368.75. Helfman argues that the fact that his motion was denied by the Court does not make it void of merit. (Pl's. Br. P. 4).

The Court agrees with Sun Life. While the Court may award a reasonable attorney's fee, the amount of the attorney's fee should be based on issues in which the fee applicant was successful. *Nadeau v. Helgemoe,* 581 F.2d 275, 279 (1st Cir. 1978); see also *Hensley v. Eckerhart,* 461 U.S. 424, 434-35 *(holding that work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved."*)

Accordingly, the Court deducts 13.75 hours, at a rate of $225/hour and 1 hour at a rate of$275/hour, for a total of $3,368.75, from Helfman's lodestar.

### 2.  Fees related to excessive or non-lawyerly time

Next, Sun Life says that Helfman is not entitled to the full amount requested because the hours his attorneys spent were excessive and related to non-lawyerly task. For example, Sun Life says that Helfman's attorneys spent over half of their time reviewing the claim file and new medical records. According to Sun Life, this provided little, if any, value to the administrative appeal process (Doc. #126).

Helfman argues that it was because of the time his attorneys spent on these tasks, that he was able to demonstrate how Sun Life mismanaged his claim and ultimately convince Sun Life that he was entitled to an entire forty-eight months of benefits. (Doc. #

127, 4). Helfman further argues that the time his attorneys spent reviewing files and copying documents is what led to his excellent results on appeal. (Doc. # 127, 5). According to Helfman, this claim required extensive review and digestion of the medical records in Sun Life's administrative record.

The Court agrees with Helfman.

### 3.  Calculating Helfman's Lodestar for the Administrative Appeal Period

According to Helfman's records, his attorneys spent 60.75 hours on his claim during the Administrative Appeal period. Of these 60.75 hours, 56 hours are attributable to counsel, Tamara Fraser and the remaining 4.75 hours are attributable to counsel J. Laevin Weiner. Applying counsels' previously approved hourly rate to the amount of hours Helfman's attorneys spent litigating this case, Helfman's lodestar is $13,906.25 (56 hours x $225/hour + 4.75 hours x $275/hour).

However, calculation of Helfman's lodestar does not end the inquiry. *See Hensley,* 461 U.S. at 434. Other considerations dictate a fee adjustment. *Id.* Helfman is not entitled to obtain fees for work spent on unsuccessful activities; thus, the Court reduces his lodestar by $3,368.75, representing work in connection with the unsuccessful motion for sanctions. Subtracting this amount from the $13,906.25, Helfman's lodestar for the Administrative Appeal period is $10,537.50.

## IV. Conclusion

Helfman's request for additional attorney's fees is **GRANTED IN PART AND DENIED IN PART.**

With respect to Helfman's original motion, Helfman is not entitled to additional fees.

With respect to Helfman's supplemental motion, the Court grants Helfman $12,895.31 in additional attorney's fees, the 87.5% previously reduced.

With respect to Helfman's fees incurred during the administrative appeal period, the Court reduces Helfman's lodestar by $3,368.75, bringing his lodestar to $10, 537.50.

Sun Life is ordered to pay **$23,432.81** ($12,895.31+$10,537.50). Payment must be made within 30 days of the date of this Order.

**IT IS ORDERED.**

    /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:   12/7/11

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 7, 2011.<br><br>S/Linda Vertriest<br>Deputy Clerk |