UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL HELFMAN,

               Plaintiff,           CIVIL ACTION NO. 06-CV-13528

     vs.

                               DISTRICT JUDGE VICTORIA A. ROBERTS

GE GROUP LIFE ASSURANCE  MAGISTRATE JUDGE MONA K. MAJZOUB
CO., et al.,

               Defendants.
_____/

**REPORT AND RECOMMENDATION**

I.    **RECOMMENDATION:**  Plaintiff's Objection to Genworth Life and Health Insurance

Company's (f/k/a GE Group Life Assurance Company) third Request for Writ of Garnishment

(docket no. 131) should be stayed pending the outcome of the appeal of the Court's June 14, 2011

Order overruling Plaintiff's Objection and granting Genworth's second Request for Writ of

Garnishment (docket no. 121).

II.    **REPORT**:

       This matter comes before the Court on Plaintiff's Objection to Genworth's third Request for

Writ of Garnishment filed on December 23, 2011. (Docket no. 131). Genworth filed a response.

(Docket no. 136). This matter was referred to the undersigned for a hearing pursuant to 28 U.S.C.

§ 636(b)(3). (Docket no. 132). The Court heard oral argument on the matter on March 5, 2012.

This matter is now ready for ruling.

       Plaintiff initiated the instant lawsuit against Defendant insurers Genworth and Sun Life

Assurance Company of Canada ("Sun Life") in August 2006, seeking to recover benefits under two

1

disability insurance policies. (Docket no. 1). Genworth and Sun Life sought to recover excess disability benefits paid to Plaintiff under the insurance plans. In August 2008 the district court ruled on Defendants' motions for judgment finding that the Employee Retirement Income Security Act (ERISA) applied to the disability plans and upholding Defendants' termination of benefits. (Docket no. 56). The district court concluded that Plaintiff would recover nothing against either Defendant and entered judgment for Defendant Genworth in the amount of $107,133.33 less an amount corresponding to Plaintiff's premiums. The district court further concluded that Defendant Sun Life was not entitled to an award under the provisions of its plan.

Plaintiff filed a notice of appeal of the judgment on September 5, 2008. (Docket no. 58). On appeal the Sixth Circuit upheld the judgment in favor of Genworth but found that Sun Life terminated Plaintiff's long-term disability benefits arbitrarily and capriciously in violation of ERISA. The Sixth Circuit remanded the case for Sun Life's plan administrator to perform a full and fair review. (Docket nos. 62, 63). On review, Sun Life concluded that Plaintiff was entitled to disability benefits for a six month period, totaling $27,559.74. Thereafter, Genworth filed its first Request for Writ of Garnishment seeking to garnish the $27,559.74 held by Sun Life. (Docket nos. 90, 95). Plaintiff objected to the Writ of Garnishment and this Court entered a Report and Recommendation that Plaintiff's Objection should be granted and the Writ denied because the funds constituted long-term disability benefits and were not subject to garnishment. (Docket nos. 91, 105). The district court adopted the Report and Recommendation on April 18, 2011. (Docket no. 111).

In August 2009 Plaintiff filed a motion for attorney's fees and costs seeking $81,046.25 in attorney's fees from Sun Life plus statutory costs. (Docket no. 68). The district court granted Plaintiff's motion in part, ordering Sun Life to pay to Plaintiff $46,641.94 in attorney's fees and

2

costs. (Docket no. 112). Consequently, Genworth filed its second Request for Writ of Garnishment. (Docket nos. 113, 116). Plaintiff filed an Objection to the second Request for Writ of Garnishment, arguing that Mich. Comp. Laws §§ 600.6023(1)(f) and 600.4031 when read in tandem shield the award of attorney's fees from garnishment because they are owing from Sun Life on account of Plaintiff's disability. (Docket no. 114). On June 14, 2011 the district court overruled Plaintiff's Objection and granted Genworth's Request for Writ of Garnishment, finding that Michigan law does not exempt the attorney's fees and costs at issue. (Docket no. 121). Plaintiff filed a notice of appeal from that order on July 14, 2011. (Docket no. 122).

In August 2011 Sun Life awarded Plaintiff 100% of the disability benefits Plaintiff had originally sought from them. (Docket no. 124). Consequently, on September 16, 2011 Plaintiff filed a motion seeking $38,038.06 in additional attorney's fees from Sun Life. (Docket no. 124). The district court granted that motion in part and ordered Sun Life to pay $23,432.81 in additional fees and costs. (Docket no. 129). This lead to Genworth's third Request for Writ of Garnishment. (Docket nos. 130, 134). Plaintiff filed the instant Objection on December 23, 2011, reasserting his belief that state law protects his award of attorney's fees and costs from garnishment and arguing that it would be premature for the Court to grant the Writ of Garnishment until the Sixth Circuit rules on his appeal. (Docket no. 131).

The arguments made in the instant Objection are identical to those arguments Plaintiff advanced in support of his second Objection to Garnishment. The Court considered Plaintiff's Objection to Genworth's second Request for Writ of Garnishment and overruled the Objection, finding that the award of attorney's fees and costs is not exempt from garnishment. Plaintiff has not identified any reason for the Court to deviate from its prior analysis. Hence, if it reaches the merits

3

of Plaintiff's Objection to Genworth's third Request for Writ of Garnishment the district court should overrule the Objection for the exact reasons it overruled Plaintiff's Objection to Genworth's second Request for Writ of Garnishment.  However, Plaintiff has appealed the Court's prior ruling.  Therefore, in order to reduce the risk of inconsistent rulings between this Court and the Court of Appeals, the undersigned recommends that the instant Objection be stayed pending the outcome of the appeal.  The funds at issue could be deposited in an interest bearing escrow account pending resolution of the dispute.

## III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address

4

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: March 6, 2012                   s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE


**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.


Dated: March 6, 2012                   s/ Lisa C. Bartlett
                                       Case Manager