UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL HELFMAN,

    Plaintiff,

vs                                                          Case No: 06-13528
                                                          Honorable Victoria A. Roberts

GE GROUP LIFE ASSURANCE COMPANY,
ET AL,

    Defendants.
_____/

**ORDER GRANTING REQUEST AND WRIT OF
GARNISHMENT OF ADDITIONAL ATTORNEY FEES**

**I.    INTRODUCTION**

    This matter is before the Court on Defendant GE Group Life Assurance Company's (f/k/a Genworth Life and Health Insurance Company) ("GE") Request for Writ of Garnishment. GE wants to garnish attorney fees that this Court ordered garnishee Sun Life Assurance Company of Canada ("Sun Life") to pay Plaintiff Joel Helfman, in the amount of $23,423.81.  Previously, this Court ordered Sun Life to pay $46,641,94 in attorney fees and interest to Helfman. GE issued a Request and Writ for Garnishment for that money as well.

    Plaintiff's objections to these Requests are based on M.C.L. § 600.6023, which exempts certain items from garnishment. This Court has already ruled that the statute does not exempt attorney fees from garnishment, a decision recently upheld by the Sixth Circuit.  The objection before the Court now, to GE's Request, is identical to Plaintiff's earlier objection.

The Court **GRANTS** GE's Request and Writ for Garnishment of the additional attorney fees.

## II. PROCEDURAL HISTORY

### A. First Request and Writ for Garnishment - Disability Benefits

This Court held that Defendant GE is entitled to reimbursement of benefits it paid to Helfman while Helfman was also receiving benefits from Sun Life. The Court issued a $107,133.33 judgment against Helfman in favor of GE. To partially satisfy the judgment, Defendant GE filed its first writ for garnishment against Sun Life. The request was to garnish disability payments made to Helfman by Sun Life. This Court adopted Magistrate Judge Majzoub's R & R and denied Defendant's first Request and Writ for Garnishment, holding that GE could not garnish disability payments.

### B. Second Request and Writ for Garnishment - Attorneys Fees

After the Court denied the first Request and Writ for Garnishment, it ordered Sun Life to pay $46,641.94 in attorneys fees and interest to Plaintiff. GE filed a second Request and Writ for Garnishment to garnish that amount. Plaintiff filed objections to the second Request and Writ for Garnishment based on the argument that such garnishment was precluded by state law. *Id*. This Court rejected Plaintiff's argument and granted GE's request. Plaintiff appealed to the Sixth Circuit.

### C. Third Request and Writ for Garnishment - Additional Attorneys Fees

While the appeal was pending on the second Writ for Garnishment, this Court ordered Sun Life to pay additional attorneys fees in the amount of $23,423,81 to Plaintiff. This amount is the subject of the third Request and Writ for Garnishment now

2

before the Court. Plaintiff objected to the third request and noted that the outcome of this third request was dependent on the appeal pending before the Sixth Circuit. *Id.*

On March 6, 2012, the Magistrate Judge issued a Report and Recommendation staying the third set of objections pending the outcome of the appeal. On July 16, 2012, the United States Court of Appeals for the Sixth Circuit ruled that this Court was "correct to issue a writ of garnishment for attorneys fees awarded to Joel Helfman from his disability insurer to help satisfy an outstanding judgment against him." *Helfman v. GE Group Life Assur. Co.*, No. 11-1909 (6th Cir. Jul. 16, 2012).

### III.  ANALYSIS

The Sixth Circuit decision is outcome determinative with respect to this third request. No new issues are presented. Defendant's Request and Writ for Garnishment is **GRANTED**.

**IT IS ORDERED.**

                                           /s/ Victoria A. Roberts
                                           Victoria A. Roberts
                                           United States District Judge

Dated: August 14, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 14, 2012.
>
> S/Linda Vertriest
> Deputy Clerk