UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOEL HELFMAN,

    Plaintiff,

vs                                          Case No: 06-13528
                                            Honorable Victoria A. Roberts
GE GROUP LIFE ASSURANCE COMPANY,  Magistrate Judge Majzoub
a foreign corporation, GENWORTH LIFE
AND HEALTH INSURANCE COMPANY,
a foreign corporation, AND SUN LIFE
ASSURANCE COMPANY OF CANADA,
a foreign corporation,

    Defendants.
_____/


**ORDER GRANTING PLAINTIFF'S MOTION FOR INTEREST**

**I.    INTRODUCTION**

This matter is before the Court on a motion for interest filed by Joel Helfman ("Plaintiff"). The matter is fully briefed. The legal arguments and factual allegations are sufficiently set forth in motion papers; oral argument is unnecessary. The Court decides Plaintiff's motion on the briefs. *See* L.R. 7.1(f)(2).

The Court **GRANTS** Plaintiff's motion for interest.

**II.    BACKGROUND**

This case involves termination of Plaintiff's long-term disability ("LTD") benefits by Genworth Life and Health Insurance Company, formerly known as GE Group Life Assurance Company ("Genworth"), and Sun Life Assurance Company of Canada ("Sun

Life") (collectively, "Defendants").

Plaintiff was employed by two construction businesses owned by his family, Atlas Filmore Lumber Company ("Atlas") and Fairway Construction Company ("Fairway"). Plaintiff worked for both companies, but Atlas officially employed him. In June 2002, Fairway began covering its employees under a LTD policy that Genworth issued. In June 2003, Atlas began covering its employees under a LTD policy that Sun Life issued. Atlas paid premiums for Plaintiff to both Genworth and Sun Life. In January 2004, Plaintiff applied for disability benefits from Genworth and Sun Life. Genworth and Sun Life, unbeknownst to the other, began to pay Plaintiff benefits. Through their investigations, they determined that the other company was paying benefits as well.

Genworth terminated benefits on March 30, 2005; it found Plaintiff's benefits from Sun Life was "other income" under its policy. On May 2, 2005, Sun Life terminated benefits after determining Plaintiff was no longer disabled. On June 14, 2006, Plaintiff filed suit in Oakland County Circuit Court against Defendants for termination of benefits. Defendants removed the state court action to this Court under 28 U.S.C. § 1441 based on 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

This Court held that the Employee Retirement Income Security Act ("ERISA") applied to Plaintiff's LTD benefit plans and that under ERISA standards of review, Genworth and Sun Life's decisions to terminate were not arbitrary or capricious. Plaintiff appealed this Court's finding that his LTD benefit plans were governed by ERISA and that Sun Life's termination of benefits was not arbitrary or capricious. The Sixth Circuit affirmed this Court's ruling that the LTD plans were subject to ERISA. However, it reversed and remanded the decision to uphold Sun Life's termination of

2

benefits. It found Sun Life's denial of Plaintiff's disability arbitrary and capricious, and ordered the Sun Life plan administrator to conduct a full and fair review of Plaintiff's claim.

After its review, Sun Life determined Plaintiff was entitled to an additional six months of benefits. On May 17, 2011, Sun Life paid $28,124.57; $6,289.28 of this total was accrued interest. Plaintiff administratively appealed Sun Life's decision, contending he was entitled to all the remaining benefits and not just the additional six months. On August 23, 2011, while the administrative appeal was pending, Sun Life agreed with Plaintiff and decided to pay the remaining benefits, from October 1, 2005, through April 3, 2009, totaling $233,289.04. This was not a negotiated settlement. And, unlike the six-month payment, this payment did not include accrued interest. Sun Life denied Plaintiff's request for interest.

Plaintiff moved for interest on the $233,389.04 payment accruing from October 1, 2005, the date he says payments should have begun, through August 23, 2011, the date payment was made. Sun Life opposes Plaintiff's motion; Sun Life argues that Plaintiff did not have an "unqualified right" to receive disability benefits, and the award was a settlement, not a judgment.

### III. ANALYSIS

#### A. Standard of Review

"[I]n the absence of a statutory provision [,] the award of prejudgment interest is in the discretion of the court." *Tiemeyer v. Cmty. Mut. Ins. Co.*, 8 F.3d 1094, 1097 (6th Cir. 1993). ERISA does not prohibit prejudgment interest. *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988, 989 (6th Cir. 1982). Therefore, when a party establishes

contractual rights under ERISA, prejudgment interest may be awarded. *Id.* at 989-90. The court may award it according to general equitable principles. *Shelby County Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 376 (6th Cir. 2009). "Awards of prejudgment interest are compensatory, not punitive, and a finding of wrongdoing by the defendant is not a prerequisite to such an award." *Drennan v. Gen. Motors Corp.*, 977 F.2d 246, 253 (6th Cir. 1992).

**B.     Plaintiff is awarded interest although Sun Life agreed to voluntarily pay him.**

Plaintiff asserts that although case law uses the terminology "prejudgment interest," the ability of the court to award interest to a beneficiary is not dependent on entry of a judgment.

Plaintiff is correct. Prejudgment interest may be awarded in a case that resolves short of judgment. *See e.g. Sweet v. Consol. Aluminum Corp.*, 913 F.2d 268, 272 (6th Cir. 1990). In *Sweet*, Edward Sweet retired and elected to receive his pension in monthly installment payments with a ten-year guarantee. *Id.* at 269. In 1975, Edward Sweet disappeared. *Id.* His son, Carl Sweet ("the plaintiff"), was appointed Special Administrator of the Estate until Edward's death was established. *Id.* Edward Sweet's employer informed the plaintiff that the pension trustee was holding the funds until Edward Sweet's whereabouts were determined. *Id.* An Order eventually entered, declaring the date of Edward Sweet's death. *Id.* The plaintiff filed a complaint for pension benefits. *Id.* The parties settled, agreeing $19,578.32 was due. *Id.* After the settlement, the District Court awarded prejudgment interest from the date the complaint was filed until the defendant paid the settlement money. *Id.* at 270. Plaintiff appealed

4

the District Court's limit of the prejudgment interest award and denial of attorney's fees. *Id.* at 269. The Sixth Circuit held that the District Court correctly concluded that the plaintiff was entitled to the award of interest. *Id.* at 270-71. However, the Court held that prejudgment interest should be awarded from the date the Order named the plaintiff Special Administrator, entitling him to the pension funds. *Id.* at 270.

This case is no different than *Sweet*. After the Sixth Circuit ordered review of Plaintiff's claim, Sun Life determined Plaintiff would receive payment under the policy. There was no negotiated settlement; Sun Life unilaterally paid the claim.

Sun Life paid interest on its first six-month payment. It now claims this interest payment was in error. Sun Life asserts it had the right to recover its mistaken payment under Michigan law, but Sun Life never asked Plaintiff to return the interest portion. Moreover, Sun Life's May 17, 2011 letter, explaining the first payment, does not support an "erroneous" interest payment. Sun Life stated, "[I]n addition, based on our calculations, we have included accrued interest." The interest portion appears to have been purposefully included.

However, a claimed mistake is of no moment. The Court bases its decision to award interest on its discretion to do so under general equitable principles. *Shelby County Health Care Corp.*, 581 F.3d at 376; *see Sweet*, 913 F.2d at 272. Although Plaintiff's case resolved short of judgment, the Court finds, according to *Sweet*, that Plaintiff is entitled to consideration for an interest payment.

**C.     Plaintiff had an "unqualified right" to receive benefits and was entitled to them.**

Defendant alleges Plaintiff does not have an "unqualified right" to receive benefits

5

under the policy because it alone could determine whether Plaintiff satisfied the policy. Plaintiff asserts his "unqualified right" to receive benefits is undisputed because Defendant paid him.

A beneficiary has an "unqualified right" to benefits when he or she is entitled to them. *See Sweet*, 913 F.2d at 270; *see also Gavie v. Stroh Brewery Co.*, 668 F. Supp. 608, 614 (E.D. Mich. 1987) *aff'd*, 877 F.2d 62 (6th Cir. 1989). "Interest is due [to the plaintiff] only if he or she had an unqualified right to immediate receipt of the funds." *Gavie*, 668 F. Supp. at 614. A beneficiary is to receive interest from the date he or she is entitled to the funds until the date of payment. *See Sweet,* 913 F.2d at 270-71. An "unqualified right" does not exist when failure to receive benefits is due to a plaintiff's inaction. *See Furry v. Champion Spark Plug Co.*, 911 F.2d 732, at *1 (6th Cir. 1990) (plaintiff refused to choose any of the available pension plans); *see also Gavie*, 668 F. Supp. at 614-15 (plaintiffs refused to sign a release of claim for early disbursement).

Plaintiff had an "unqualified right" to receive benefits under the policy. Sun Life's policy required a beneficiary to satisfy the "Total Disability" requirement to receive benefits. To determine this, Plaintiff needed to provide satisfactory proof of disability. The Sixth Circuit found the record did not clearly establish Plaintiff was disabled to entitle him to the policy benefits. *Helfman v. GE Group Life Assur. Co.*, 573 F.3d 383, 396 (6th Cir. 2009)*.* It declared "where [there is a] problem with the integrity of the plan's decision-making process" it was more appropriate to, "remand to the plan administrator" rather than deny benefits. *Id.*

Following remand, Sun Life paid Plaintiff benefits after deciding Plaintiff provided sufficient evidence to satisfy the policy definition of "Total Disability." *See Short v. Cent.*

*States, Se. & Sw. Areas Pension Fund*, 729 F.2d 567, 576 (8th Cir. 1984) (employee fit policy definition of "employee" and thus was entitled to pension benefits).  Unlike the plaintiffs in *Gavie* and *Furry* who were held not to have an "unqualified right" because of their inaction, Sun Life has not alleged any inaction on the part of Plaintiff.   Sun Life's payment for the period of October 1, 2005, through April 3, 2009, supports Plaintiff's contention that he is entitled and has an "unqualified right" to receive benefits.

Even if Sun Life acted prudently by withholding the funds because it was not satisfied Plaintiff fulfilled the "Total Disability" requirements, it still retained a benefit by not submitting payment. *Sweet*, 913 F.2d at 270.  Sun Life denied Plaintiff use of money that was his. *Id.; see Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 986 (6th Cir. 2000); *see also Wells v. U.S. Steel*, 76 F.3d 731, 738 (6th Cir. 1996).  Because Plaintiff had an "unqualified right" to immediate release of the funds, Plaintiff is entitled to pre-judgment interest. *Sweet*, 913 F.2d at 270.  Sun Life asserts there is not an "unqualified right" because the policy does not require an interest payment.  Again, the Court has discretion to award interest.

IV.   **CONCLUSION**

Plaintiff's motion for interest is **GRANTED**.

The Court awards plaintiff interest on the $233,289.04 payment.  Interest is to be calculated pursuant to 28 U.S.C. § 1961, from the date Plaintiff was entitled to the benefits on October 1, 2005, until it was paid on August 23, 2011, together with interest on the interest amount from August 23, 2011 to the present.

7

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 5, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 5, 2012.
>
> S/Linda Vertriest
> Deputy Clerk